# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE G. GEARHART | ) | CASE NO.  5:08CV1252 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| COMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the Objections to the Magistrate Judge's Report and Recommendation filed by plaintiff Jimmie G. Gearhart (Gearhart). (Doc. No. 17.) The Magistrate Judge submitted her Report and Recommendation (R & R) (Doc. No. 16) recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) denying Gearhart's claims for disability benefits (DIB), under 42 U.S.C. §§ 416, 423, and supplemental security income benefits (SSI), under 42 U.S.C. § 1381 *et seq*.

Upon de novo review of those portions of the R &R to which Gearhart has made objection, this Court **REJECTS** the R & R and holds that the decision of the ALJ, which has become the final decision of the Commissioner pursuant to 20 C.F.R. § 416.1481, is **REVERSED** and this matter is **REMANDED** with instructions as set forth below.

This Court's review of the R & R is governed by 28 U.S.C. § 636(b), which requires a de novo review as to those portions of the document to which objection

is made. Because Gearhart objected only to that portion of the R & R relating to the weight given to the evidence offered at the hearing, the remainder of the R & R-including its statement of the factual and procedural history of the case-is hereby accepted as written. Thus, the Court will only provide a brief review of the facts and procedural posture sufficient to adequately frame the issues presented in Gearhart's Objections.

Prior to May 2004, Gearhart had engaged in work as a truck driver and a laborer. In April 2004, Gearhart injured his back while loading a truck when he was "pinched in between a load." (TR 209-10.) An MRI scan of Gearhart's thoracic spine revealed fairly prominent right and left paracentral disc herniation at T7-8 and minor left paracentral disc protrusion at T4-5. (TR 112-13.) Following the accident, Gearhart's employer permitted him to perform light duty work for several months, but he was unable to sustain such work due to exhaustion. (TR 214-15.)

Gearhart applied for DIB and SSI alleging disability since May 7, 2004. (TR 55, 103, 194.) His application was denied initially and upon reconsideration. The final decision of the Commissioner affirming the denial of benefits is before this Court pursuant to 42 U.S.C. § 405(g).

In a hearing before the Administrative Law Judge (ALJ) on October 22, 2007, the ALJ posed a hypothetical question to Vocational Expert (VE) Carol Mosley. The VE was asked to consider a hypothetical worker with Gearhart's age, education, past relevant work as a truck driver, and the same residual functional capacity. The VE opined that there were sufficient light duty jobs in the State for such a worker. (TR 228.) Gearhart's counsel then posed the additional restrictions of requiring a "sit/stand" option

and necessitating that the employee would miss three or four work days per month on average. (TR 229.) The VE testified that such a worker would not be employable. (TR 230.)

In a decision dated November 1, 2007, the ALJ determined that Gearhart had a severe impairment of degenerative disc disease of the spine, pursuant to 20 C.F.R. §§ 1520(c) and 416.920(c). (TR14.) Nonetheless, the ALJ found that Gearhart's impairment did not meet the enumerated impairments in Listing 1.04A. 20 C.F.R. pt. 404, supt. P, App. 1, § 1.04. He also determined that Gearhart had a residual functional capacity to perform a full range of light duty work. (TR 15.)

Based upon these findings, the ALJ concluded that Gearhart was not disabled. (TR 19.) In reaching this conclusion, the ALJ only gave partial weight to the opinion of Gearhart's treating physician, Dr. Pitt, because "only some of the restrictions [were] consistent with the findings on examination and the objective medical evidence." (TR 18.) Likewise, the ALJ discounted Gearhart's testimony regarding his level of pain as "not fully credible when considered in light of the entirety of the evidence of record." (TR 17.)

In her R & R, the Magistrate Judge recommended that the ALJ's decision be affirmed because the ALJ correctly determined that Gearhart did not have an impairment or combination of impairments equaling one of the listed impairments in Listing 1.04A. (Report at 9.) In so finding, the Magistrate Judge noted that the ALJ, applying the appropriate tests, properly evaluated Gearhart's complaints of pain (Report

3

at 11-15) and analyzed the opinions of the treating physician, Dr. Pitt (Report at 15-19), and the VE (Report at 19-21).

By his sole objection to the R & R, Gearhart complains that the ALJ and the Magistrate Judge improperly rejected his argument regarding the treatment and weight to be given to the opinion of his treating physician, Dr. Pitt. (Doc. No. 17 at 1.) Specifically, Gearhart believes that the ALJ and the Magistrate Judge did not fully address Dr. Pitt's findings that Gearhart's impairments and treatment would cause him to be absent from work more than three (3) times a week. (*Id.* at 2.) The Court agrees, and finds that a remand is necessary to permit the ALJ an opportunity to evaluate this restriction.

Dr. Pitt filled out a residual Functional Capacity Questionnaire on September 26, 2006. (Tr. 189.) In responding to the question "On the average, how often do you anticipate that your patient's impairments or treatment would cause your patient to be absent from work," Dr. Pitt placed a check mark next to the line reading "More than three times a month." (TR 191.)

The ALJ's decision, however, notes that Dr. Pitt's report indicated that "[t]he claimant would be absent from work about once monthly because of his impairments." (TR 18.) As such, the ALJ (and, in turn, the Magistrate Judge) misinterpreted the record.[1]

---

[1] The error is somewhat understandable. Dr. Pitt's check marks were unusual in that they contained a common check combined with an "X". While the Court can see why the ALJ might have erroneously concluded that Dr. Pitt checked the line above reading "About once a month," the Court finds that the "More than three times a month" line was actually checked. (TR 191.)

4

Of course, an ALJ is not required to incorporate unsubstantiated complaints into his hypothetical questions. *Stanley v. Secretary of Health & Human Services*, 39 F.3d 115, 118 (6th Cir. 1994); *Hardaway v. Secretary of Health & Human Services*, 823 F.2d 922, 927-28 (6th Cir. 1987). Nonetheless, the answer to a properly supported hypothetical question can serve as substantial evidence to support or deny a claim of disability. *See Grecol v. Halter,* 46 F. App'x 773, 777 (6th Cir. Aug. 29, 2002); *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987).

In the present case, the potential impact of the ALJ's mischaracterization of the record is significant. Based on restrictions contained in the first hypothetical, the VE found that the hypothetical worker was still employable. It was not until Gearhart's counsel posed a second hypothetical, including the restriction that the hypothetical worker would miss three or more days each month, that the VE determined that the worker would be unemployable. Nonetheless, because the ALJ was misinformed about the nature of Dr. Pitt's evaluation, he would have found it appropriate to discount the VE's second opinion as not supported by the record. *See Stanley*, 39 F.3d at 118; *Hardaway*, 823 F.2d at 927-28.

As such, this action must be remanded for further review by the ALJ. On remand, the ALJ should consider the above-mentioned restriction placed on Gearhart by Dr. Pitt, and determine whether it affects his original finding of no disability.

For all of the foregoing reasons, the Court **REJECTS** the R & R of the Magistrate Judge, **REVERSES** the November 1, 2007 decision of the ALJ, and

**REMANDS** this case for further consideration and a new determination, and, if the ALJ believes necessary, a new hearing as outlined in this Opinion and Order.

      **IT IS SO ORDERED**.

Dated:  September 18, 2009

                                 **HONORABLE SARA LIOI**
                                 **UNITED STATES DISTRICT JUDGE**